**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **DEMETRIUS MCKINNEY**, *individually and on behalf of a class of similarly situated persons*, <br><br> *Plaintiff*, <br><br> v. <br><br> **EQUIFAX INFORMATION SERVICES, LLC,** <br><br> *Defendant*. | **Case No:** <br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

COMES NOW the Plaintiff, **Demetrius McKinney**, ("**Mr. McKinney**"), on behalf of himself and all similarly situated individuals, by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Equifax Information Services, LLC** ("**Equifax**"), stating as follows:

**DESCRIPTION OF THE CASE**

1. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**"), upon request, Equifax must disclose, clearly and accurately, all of the information in a consumer's file at the time of request. *See* 15 U.S.C. § 1681g(a). Frequently, Equifax fails to do so. In the instant matter, it provided a consumer disclosure containing material misrepresentations about seven separate accounts. All of these accounts falsely identified debt collectors as the purported "original creditors" of various debts, instead of providing the true name of the original creditors, which Equifax had, or should have had, in its files. Indeed, Equifax provided the true original creditor

names in reports which it sold to third parties regarding the Plaintiff.  Since Equifax identified the debt collectors *themselves* as the original creditors, and omitted the true names of the original creditors in disclosures which it made to consumers, it became almost impossible for consumers to identify the debts and distinguish genuine debts from errors on their credit reports.

2. In enacting the FCRA, Congress recognized that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit." *See* 15 U.S.C. 1681(a)(3).  The purpose, of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures … in a manner which is fair and equitable to the consumer, with regard to … accuracy …" *See* 15 U.S.C. 1681(b).  To carry out its intentions, Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on consumer reporting agencies.

## JURISDICTION AND VENUE

3. Federal subject matter jurisdiction exists pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as the Plaintiff is bringing his action under the FCRA, a federal statute.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because therein: (i) a substantial part of the events giving rise to the claims and damages occurred; (ii) Plaintiff resides; and, (iii) Defendant transacts business.

## PARTIES

5. Mr. McKinney is a natural person residing in Tampa, Hillsborough

County, Florida and is a consumer as defined by the FCRA, 15 U.S.C. 1681a(c).

6. Equifax is a Georgia limited liability company, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

7. Equifax is registered as a foreign limited liability company in the State of Florida, where its *registered agent* is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

8. Equifax is a nationwide consumer reporting agency ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, and/or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

## FACTUAL ALLEGATIONS

### Mr. McKinney's Equifax Disclosure

9. On or about June 6, 2018, Mr. McKinney requested copies of his consumer credit disclosure from Equifax through www.annualcreditreport.com.

10. Equifax delivered its consumer disclosure ("**Equifax's Disclosure**") to Mr. McKinney, electronically, at his home in Tampa, Hillsborough County, Florida.

11. Equifax's Disclosure indicated that Mr. McKinney's credit file contained seven collection accounts, under the heading, "Collections." **SEE PLAINTIFF'S EXHIBIT A.**

12. Equifax's Disclosure stated:

"Collections are accounts with outstanding debt that have been placed **by a creditor** with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score." *Id*. (Emphasis not original).

13. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. McKinney's request, Equifax was required to "clearly and accurately" disclose all information in his file at the time of request, with limited exceptions, none of which are applicable to this matter.

14. A consumer disclosure "must be made in a manner sufficient to allow the consumer to compare the disclosed information from the credit file against the consumer's personal information in order to allow the consumer to determine the accuracy of the information set forth in (his) credit file." *Gillespie v Equifax Information Services, LLC*, 484 F.3d 938, 947 (7th Cir. 2007).

15. In drafting §1681g(a)(1), Congress required disclosure that is both "clearly and accurately" made. *Id*.

16. Webster's Third New International Dictionary (3d ed. 1986), defines "clearly" as: "(1) in a clear manner (that which is and distinctly conceived as the truth); (2) of something asserted or observed: without doubt or question." "Accurately" is defined, "in an accurate manner." *Gillespie, Id.*

17. Despite this legal duty, Equifax's Disclosure stated, for each of the seven collection accounts, that the debt collector itself was the "original creditor."

18. Equifax's Disclosure did not reveal the actual original creditors' names reported to it by the debt collectors, nor any other information which would allow Mr. McKinney to understand the origin of the debts reported in his credit file.

### The Hunter Warfield Account

19. For example, upon information and belief, Hunter Warfield, Inc., a debt collector whose business consists of the collection of debts alleged due to others and which does not provide consumer financing, informed Equifax that an apartment rental debt of $4,735 was owed to an original creditor, "Camden Bay."

20. Equifax, however, stated in Mr. McKinney's consumer disclosure that Hunter Warfield, Inc. was the "original creditor" of the debt. **SEE PLAINTIFF'S EXHIBIT A.**

21. On information and belief, the name of the original creditor for the account was contained in Equifax's file regarding Mr. McKinney and included in the reports which Equifax sold to third-parties regarding Mr. McKinney.

22. Providing a disclosure which conflates the name of the debt collector with the name of the original creditor is neither clear nor accurate and prevents the consumer from comparing the information in the report to his own information, impairing his ability to review and correct his credit file.

23. The plain language of Equifax's Disclosure would cause a reasonable consumer to believe that "Hunter Warfield Inc." claimed that he had incurred a debt directly to it.

### The Americollect Inc. Account

24. Equifax's Disclosure to Mr. McKinney also contained a tradeline regarding Americollect Inc., stating that Americollect Inc. was the "original creditor." *Id.*

25. Americollect Inc. was collecting on behalf of "Emergency Medical Associates of Tampa Bay," the original creditor of the account.

26. On information and belief, Americollect Inc. reported this information to Equifax.

27. Equifax, however, stated in Mr. McKinney's consumer disclosure that Americollect Inc. was the "original creditor" of the debt. *Id*.

### Other Collection Accounts

28. Equifax's Disclosure contained a tradeline from Ability Recovery Services, two tradelines from Commonwealth Financial Systems, and two tradelines from ARS Account Resolution Services, all of which had the same defect — each indicated that the debt collector was the "original creditor," and omitted the correct information, which, on information and belief, had been reported correctly to Equifax. **Id.**

### Importance of Reporting the Original Creditor

29. The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("**CDIA**"), a trade association representing the CRAs, including Equifax, states that:

> "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent." (Emphasis original). **SEE PLAINTIFF'S EXHIBIT B.**

30. The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." **Id.**

31. On information and belief, all of the entities reporting collection accounts to Equifax, regarding Mr. McKinney, complied with the *Credit Reporting Resource Guide,* reporting the true names of the original creditors. Those names were added to Mr. McKinney's credit file, and used by Equifax when it made reports regarding Mr. Kinney to third-parties, but omitted from Equifax's Disclosure to Mr. McKinney.

32. Having failed to disclose key information contained within its file, Equifax's Disclosure was not complete, clear, or accurate – and, indeed, was inaccurate as it contained patently false information.

## Prevalence of Equifax's Errors

33. On information and belief, the consumer disclosure provided to Mr. McKinney by Equifax is generated using a template which combines database information from a consumer's file and various fields onto a consumer disclosure form.

34. Since the error originated within the template used to generate consumer disclosures, every consumer with a collection account who requested their disclosure from Equifax received a consumer disclosure with the same errors as Mr. McKinney's, throughout the period in which the template was used.

35. Upon information and belief, approximately 15% of the adult population with a consumer credit history contains one or more collection accounts.

36. Many consumers request their free annual credit disclosure from Equifax pursuant to the FCRA, particularly after Equifax's September 2017 revelation that the data for over 100 million consumers had been downloaded and stolen from its files by hackers.

37. Thus, a very large number of consumers have likely received defective disclosures from Equifax wherein a debt collector is wrongly identified as the "original creditor."

38. Consumers concerned about possible identity theft, particularly in light of the Equifax data breach, who obtained their Equifax disclosure, only to be told they had debts to "original creditors" of whom they had no knowledge, are likely to conclude that they were the victims of identity theft or fraud, when they were not, or that the report is inaccurate.

39. Consumers have a right to the full disclosure of the contents of their Equifax file upon demand, at least once a year, and without charge, and it must be presented clearly and accurately; Equifax's failures deprived Mr. McKinney and his fellow class members of this right.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this matter as a Class Action, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), on behalf of himself and the following Class:

**All natural persons residing in the State of Florida who:**

**(a) within two years of the date of the filing of this complaint, received a consumer disclosure from Equifax**

**(b) which evidenced one or more collection tradeline(s) in which Equifax stated that the debt collector was the original creditor, when such was not the case.**

41. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

42. **Numerosity. Fed R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical as Plaintiff believes that there are at least Ten Thousand (10,000) similarly-situated persons.  Equifax is one of the largest credit reporting agencies in the nation and its reports are frequently used in consumer credit, employment, and insurance transactions.  Although the precise number of Class members is unknown, the names and addresses of potential Class members are identifiable through documents and business records maintained by Equifax.

43. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).**  There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual class member. Specifically, these common questions include, without limitation:

   (a) whether disclosing to consumers that a debt collector is the original creditor of an account, when the debt collector is not the original creditor and did not report to Equifax that it was, violates the FCRA; and

   (b) whether Equifax violated 15 U.S.C. § 1681g(a)(1) through the use of the above-indicated action.

44. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member, which all arise from similar operative facts and are based upon the same legal theories.  Equifax produced a consumer disclosure for Plaintiff which, on information and belief, was generated using a template and is substantially similar to disclosures received by thousands of other Florida consumers.  Plaintiff has no interest adverse or antagonistic to the interests of other members of the Class, and has the same claims for statutory and actual damages that he seeks for absent Class members.

45. **Adequacy of Class Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class and will fairly and properly protect the interests of the Class. Plaintiff has retained experienced counsel who have litigated well over one hundred consumer cases under the FCRA, as well as many other cases under other consumer-protection statutes, including the Fair Debt Collection Practices Act, Telephone Consumer Protection Act, Florida Consumer Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, and other similar consumer protection statutes, are competent in the prosecution of class action litigation, and intend to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

46. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual Class members. Under the totality of the circumstances, a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy. Equifax's conduct described in this Complaint stems from common and uniform practices, resulting in systematic violations of the FCRA. Members of the Class do not have an interest in pursuing individual claims against NCS as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Equifax's practices. Moreover, management of this action as a Class Action will not likely present any difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

47. Absent a Class Action, the Class members will continue to have their rights violated and will continue to suffer monetary and other damages.

48. Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

49. All conditions precedent to this action have occurred, been satisfied, or waived.

## COUNT I
## VIOLATIONS OF THE FCRA

50. Mr. McKinney adopts and incorporates paragraphs numbered 1 – 49 as if fully stated herein.

51. Equifax violated 15 U.S.C. § **1681g(a)(1)** in that Equifax, upon Mr. McKinney's request, failed to clearly and accurately disclose to Mr. McKinney, a consumer, all of the information in his file at the time of the request. Specifically, Equifax failed to disclose the names of the seven original creditors in the tradelines reported by Commonwealth Financial, ARS, Ability Recovery Services, and Hunter Warfield, and falsely stated that the debt collectors were the original creditors of those debts, when this was untrue.

52. Equifax's file contained the correct identity of the original creditors at the time of Mr. McKinney's request and such information was required to be disclosed to Mr. McKinney clearly and accurately, pursuant to 15 U.S.C. § **1681g(a)(1)**.

53. Equifax knowingly provided this inaccurate information in Mr. McKinney's disclosure, or alternatively, proceeded with a reckless disregard for his rights by utilizing procedures which it either knew or should have known to be insufficient to

ensure the requisite accuracy in its reports.

54. Equifax's errors constitute a willful failure to fulfill its duty to clearly and accurately disclose to Mr. McKinney all of the information in his file at the time of the request, as required by 15 U.S.C. § **1681g(a)(1).**

55. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), Equifax is liable for actual damages or statutory damages of not less than $100 or more than $1,000 per incident per class member for each willful violation of the Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Classes pray for relief as follows:

   A. An order certifying this case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

   B. An award of statutory, actual, and punitive damages for the Class members;

   C. An award of pre-judgment and post-judgment interest as provided by law;

   D. An award of attorneys' fees and costs; and,

   E. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. McKinney hereby demands a trial by jury on all issues so triable.

Respectfully submitted this October 23, 2018 by:

| /s/ *Thomas M. Bonan* | /s/ *Bryan Geiger* | /s/ *Philip R. Goldberg* |
|---|---|---|
| Thomas M. Bonan | Bryan J. Geiger | Philip R. Goldberg |
| Florida Bar # 118103 | Florida Bar # 119168 | Florida Bar # 105940 |
| TBonan@SeraphLegal.com | BGeiger@SeraphLegal.com | PGoldberg@SeraphLegal.com |

**SERAPH LEGAL, P.A.**
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
Counsel for Plaintiff

**EXHIBITS**

A    **Mr. McKinney's Equifax Credit Report – June 4 2018 – Excerpt**
B    **Excerpt from the Credit Reporting Resource Guide**